AUTORIDAD DE TIERRAS DE PUERTO RICO, demandante y recurrente, *v.* RAMÓN REYES, demandado y recurrido.

*Número:* R-68-302      *Resuelto:* 25 de noviembre de 1969

*José Alberty Orona, Daniel A. Cabán Castro y Margarita García Santiago,* abogados de la recurrente.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

En vista de que concluimos que el dueño de una finca arrendada puede radicar una acción de desahucio en precario en contra del tercero que construyó una edificación en dicha propiedad, revocamos la sentencia en este caso.

La Autoridad de Tierras de Puerto Rico, como dueña de una finca en el barrio Canóvanas del término municipal de Loíza, Puerto Rico, con un área de 1943.9292 cuerdas,

radicó una demanda en que alega que el recurrido está ocupando precariamente una parte de la misma en la cual ha construido una casa de madera de 10 pies por 10 pies la cual se niega a retirar de la propiedad, y solicita se decrete el desahucio del recurrido. Contestó el recurrido negando los hechos. Luego de celebrada la vista del caso, dictaminó el tribunal de instancia que:

"3. . . . en la finca anteriormente descrita está arrendada al Sr. Héctor García una parcela de cincuenta cuerdas (50) y en dicha parcela es que está enclavada la casa del demandado.

4. Que el demandado no paga canon de arrendamiento alguno.

En armonía con los anteriores hechos el Tribunal llega a las siguientes:

### CONCLUSIONES DE DERECHO

Por el artículo 620 del Código de Enjuiciamiento Civil, 32 L.P.R.A. 2821, se dispone:

2821. Personas con derecho a promover acción de desahucio.

'Tienen acción para promover el juicio de desahucio los dueños de la finca, los usufructuarios y cualquiera otro que tenga derecho a disfrutarla, y sus causahabientes.'

. . . Nuestro Tribunal Supremo tiene resuelto que la acción de desahucio es una de posesoria y en ella no [sic] puede discutirse el derecho a la posesión. *Escudero* v. *Mulero,* 63 D.P.R. 574"; que "Habiéndose establecido por la prueba que la parcela de terreno de cincuenta cuerdas (50) donde radica la casa del demandado está arrendada al Sr. Héctor García, el que la disfruta y tiene su posesión, a éste correspondía establecer la acción y no a la demandante, Autoridad de Tierras, por lo que, procede que se declare sin lugar la demanda."

Incidió dicho tribunal al así concluir.

El Art. 620 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 2821), da el derecho de promover el juicio de desahucio a los dueños de la finca, los usufructuarios y a determinadas otras personas. No limita este derecho a aquellas personas que tengan la posesión material del inmueble ni provee que la acción deba ser instada únicamente por el que goza de tal posesión. En el caso de *Escudero* v.

*Mulero*, 63 D.P.R. 574 (1944), se suscitó un conflicto de título por lo que resolvimos que no procedía la acción de desahucio por ser ésta una acción posesoria. La doctrina de este caso no excluye ni afecta el derecho de dueño de una propiedad a ejercitar la acción de desahucio en contra de un constructor de mala fe en la finca de su propiedad.

El hecho que el interdicto posesorio sea una acción de naturaleza posesoria no nos impidió reafirmar en *Texaco P.R., Inc.* v. *González*, 96 D.P.R. 305, 315 (1968), lo que ya habíamos establecido en *Serrano* v. *Sucesión Santos*, 24 D.P.R. 175 (1916), o sea, que el dueño de un inmueble arrendado, quien tiene durante el arrendamiento la posesión civil superior pero sólo mediata e indirecta, puede ejercer la acción interdictal. Igualmente no existe razón alguna para que la naturaleza posesoria del desahucio impida que el dueño de una propiedad arrendada ejercite tal acción. Y no podría ser de otro modo pues de lo contrario, como indica la recurrente, "ello podría traer como consecuencia la frustración o menoscabo de los derechos de propiedad del verdadero dueño de la finca. En otras palabras, habría situaciones en que el dueño de la finca, impotente para actuar, se tendría que cruzar de brazos ante las actuaciones de un tercero que invade su propiedad creando condiciones gravosas a la misma, y ante la desidia o indiferencia de un poseedor de hecho (arrendatario o usufructuario) que nada hace para evitar la imposición de tales condiciones gravosas a la finca por parte del tercero."

*Debe revocarse la sentencia dictada en este caso y dictarse otra en su lugar declarando la demanda con lugar, ordenando el desahucio del recurrido, sus familiares, agentes, empleados y otras personas bajo sus órdenes, de la finca de la recurrente, y ordenándole a remover su edificación de dicha propiedad.*

El Señor Juez Presidente y el Juez Asociado Señor Hernández Matos no intervinieron.