Arbona Lago, Juez Ponente
*896 TEXTO COMPLETO DE LA SENTENCIA ENMENDADA NUNC PRO TUNC
El 20 de abril de 1995 dictamos sentencia. En ella mencionamos que:

"El recurso de apelación no ha sido debidamente perfeccionado. Nunca se presentó la exposición narrativa de la prueba, según provee la Regla 6 de Apelación del Tribunal de Distrito al Superior, 4 L.P.R.A. Ap. Ill-A, no obstante haber ya transcurrido más de 3 meses. Procede, por lo tanto, que desestimemos dicho recurso.

No empero, del conjunto del expediente surge que lo que en esencia impugnó el apelante concierne la apreciación de la prueba que realizó el Honorable Tribunal de Primera Instancia para entender probada la culpabilidad del acusado, más allá de toda duda razonable. En este aspecto el principio rector que guía nuestra función apelativa dispone que no se intervendrá con las determinaciones que haga un Tribunal de Instancia en ausencia de error manifiesto, prejuicio, parcialidad o pasión. Pueblo v. Pellot Pérez, 121 D.P.R. 791 (1988).

En el caso que nos ocupa el Tribunal de Instancia aquilató la prueba testifical ofrecida, tanto por el Ministerio Fiscal como por la defensa, y entendió que quedaron configurados los elementos constitutivos del delito de alteración a la paz. El apelante no niega que profirió palabras obscenas contra el Sr. Vera; sino más bien argumenta que lo hizo en legítima defensa. No obstante, de ordinario la utilización de lenguaje soez no constituye instrumento de legítima defensa. No existe pues, fundamento alguno que pudiera justificar nuestra intervención con las determinaciones que realizó el Tribunal Sentenciador luego de aquilatar la prueba ante él desfilada.

En consideración de lo anterior se desestima el recurso de apelación instado y se confirma la sentencia que declaró culpable al acusado en el presente caso."

Vía Moción Solicitando Reconsideración el apelante nos informa que el 2 de marzo de 1995 había aprobado la Exposición Narrativa Enmendada, preparada por el apelante el 30 de enero de 1995, de la que nos incluye copia. El apelante también presentó escrito en cumplimiento a nuestra Resolución del 2 de junio de 1995 para mostrar causa por la cual debamos alterar nuestro dictamen del 20 de abril de 1995.
Esta apelación se predica en:

"1. ERRO EL HONORABLE JUZGADOR DE LOS HECHOS EN SU APRECIACION DE LA PRUEBA, TODA VEZ QUE EN UN BALANCE JUSTO Y RAZONABLE DE ESTA NO SE ESTABLECE LA CULPABILIDAD DEL ACUSADO MAS ALLA DE DUDA RAZONABLE Y FUNDADA.

2. EL ESTADO NO REBATIO LA PRESUNCION DE INOCENCIA DEL ACUSADO DE FORMA TAL QUE SE ESTABLECIERA SU CULPABILIDAD MAS ALLA DE DUDA RAZONABLE.

3. ERRO EL HONORABLE TRIBUNAL DE INSTANCIA EN LA APRECIACION EFECTUADA DE LA PRUEBA TESTIFICAL PRESENTADA POR AMBAS PARTES, AL CONCEDER CREDIBILIDAD A LA VERSION DEL MINISTERIO PUBLICO Y DETERMINAR QUE EL ACUSADO ERA CULPABLE DEL DELITO QUE SE LE IMPUTABA."
Hemos estudiado y analizado la exposición narrativa de la prueba. Debemos sostener la sentencia del 20 de abril de 1995, lo que aquí resolvemos y por lo cual se declara No Ha Lugar a la Moción Solicitando Reconsideración, presentada el 25 de mayo de 1995 por el apelante-recurrente.
De la exposición narrativa surgen dos versiones totalmente irreconciliables. La del querellante, que establece, un monólogo del acusado, fue acogida por el Tribunal de Instancia. Toda la argumentación del apelante, en reconsideración, radica en la legítima defensa de su honor, honra y pudor; repeliendo palabras ofensivas con palabras ofensivas en legítima defensa, todo ello predicado en la versión del querellado que establece una cadena de ofensas verbales de parte y parte y con la intervención de por *897 lo menos 3 personas más.
El dictamen de un tribunal apelativo nunca puede arraigarse en los hechos que presenten las partes en sus alegatos, aunque su exponente esté convencido de su certeza. El tribunal de revisión ha de atenerse por necesidad a las conclusiones de hecho del tribunal de instancia, a la transcripción de evidencia o a la exposición narrativa de la prueba. E.L.A. v. Mercado, 104 D.P.R. 784.
Por otro lado, nada hay en este recurso que tienda a establecer craso error en la apreciación de la prueba. Es norma reiterada la que dicta que el foro apelativo no habrá de intervenir con la apreciación de la prueba, hecha en instancia, ausentes los elementos de pasión, prejuicio, parcialidad o error craso y manifiesto. El apelante funda su defensa en hechos no creídos por el foro de instancia y no presenta ante nos datos que permitan un análisis que arrastre a "insatisfacción o intranquilidad de conciencia tal que estremezca nuestro sentido básico de justicia". Hacer "... lo contrario, esto es, la intervención indiscriminada con la adjudicación de credibilidad que se realiza a nivel de instancia, significará el caos y la destrucción del sistema judicial existente en nuestra jurisdicción". Pueblo v. Cabán Torres, 117 D.P.R. 645, pág. 648; Pueblo v. Carrasquillo, 102 D.P.R. 545.
Se reitera el dictamen del 20 de abril de 1995, por los fundamentos allí expuestos y aquí añadidos a la luz de la exposición narrativa de la prueba.
En consideración de lo anterior se desestima el recurso de apelación instado y se confirma la sentencia que declaró culpable al acusado en el presente caso. Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General