Fiol Matta, Jueza Ponente
*1153 TEXTO COMPLETO DE LA SENTENCIA
El Sr. Emiliano Ruiz nos solicita que revisemos una resolución de la Junta de Planificación de Puerto Rico que denegó una petición de enmienda al Mapa de Zonificación de San Juan. Luego de estudiar detenidamente el expediente y examinar las alegaciones de las partes conforme al derecho vigente, resolvemos confirmar la sentencia recurrida.
II
Con el objetivo de establecer un negocio familiar pequeño dedicado a preparar invitaciones, el 4 de octubre de 2000, el señor Ruiz solicitó una enmienda al Mapa de Zonificación de San Juan, Sección de Río Piedras. Solicitó, específicamente, que se modificara la clasificación de su propiedad, situada en el número 602 de la calle Escorial en la Urbanización Caparra Heights de Río Piedras, de R-3 (distrito residencial de densidad intermedia) a C-L (distrito comercial liviano).
Eventualmente, la Junta publicó un aviso de vistas públicas sobre las peticiones de enmienda a los Mapas de Zonificación de San Juan, Sección de Río Piedras, a celebrarse, durante varios días, entre éstos, los días 17 al 21 y 26 al 28 de diciembre de 2001 y 2 y 3 de enero de 2002. Asimismo, en carta de 27 de noviembre de 2001, la Junta invitó a los colindantes de la propiedad objeto de la solicitud de rezonificación a comparecer a la audiencia pública señalada para el 17 de diciembre de 2001 y a participar en ésta mediante comentarios. El 7 de diciembre de 2001, la Sra. Daisy Calendario Colón presentó una carta en oposición a la rezonificación. La vista se celebró según pautada.
Según se desprende del informe del Oficial Examinador, durante la vista, el señor Ruiz explicó que era la primera vez que solicitaba una enmienda a la zonificación de su propiedad. Señaló, además, que las casas del área de la Avenida Escorial eran utilizadas en su mayoría para fines comerciales. Asimismo, señaló que los residentes del área de Caparra se beneficiarían con los servicios que prestaría su negocio de tarjetas de invitación. La vista contó, también, con la participación de la señora Brusseau, dueña de una propiedad cercana, quien se opuso a la propuesta enmienda de rezonificación, por entender, fundamentalmente, que los negocios afectan la calidad de vida de los residentes de la comunidad. Dos de los vecinos del señor Ruiz comparecieron para consignar que no se oponían a la modificación de zonificación solicitada. Posteriormente, el señor Ruiz replicó por escrito a las objeciones que presentó la señora Brusseau durante la vista y a la carta de la Sra. Daisy Candelario.
De las alegaciones de las partes y del expediente se desprende que el 28 de enero de 2002, la Junta de Planificación recibió una caita del Departamento de Recursos Naturales, expresando la preocupación de la agencia ante el incremento en las peticiones de cambio de zonificación de áreas residenciales para fines comerciales. Asimismo, se desprende que la Junta recibió una “moción en oposición” a la rezonificación, firmada por varios vecinos de Caparra. Además, se radicó ante la Junta una Certificación del Registro de la Propiedad donde alegadamente constan condiciones restrictivas que gravan la Urbanización Caparra Heights. Todos los anteriores documentos se presentaron luego de finalizada la vista. El 5 de marzo de 2003, la Junta de Planificación denegó la solicitud, por entender que el sector es “predominantemente residencial”. Es de esta determinación que recurre el señor Ruiz.
El recurrente alega que la Junta de Planificación “erró al llevar a cabo un proceso en el que no se cumplió con las exigencias del derecho administrativo, ni del derecho constitucional”. Aduce, fundamentalmente, que el debido proceso de ley aplica a los procedimientos administrativos, por lo cual deben cumplirse varios *1154 requisitos, a saber: notificación adecuada del proceso, proceso ante un juzgador imparcial, oportunidad de ser oído, derecho a examinar la evidencia presentada por la parte adversa, derecho a contrainterrogar testigos, y derecho a que la decisión esté basada en el expediente del caso. Igualmente señala que al denegarse la rezonificación, no se cumplió con estas normas procesales y, como consecuencia, la “reglamentación” resultó arbitraria y caprichosa. Admite, además, que el procedimiento de zonificación es uno cuasilegislativo, pero expone que no se trata de un ejercicio de poder ilimitado ni libre de revisión judicial.
El recurrente sostiene que se violó su derecho al debido proceso de ley, al incluir en el expediente una “moción en oposición ” en la que ciertas personas que residen fuera del “radio de notificación” alegan que la Avenida Escorial es predominantemente residencial. Según expusimos, esta moción se presentó después de concluida la vista y el señor Ruiz alega que nunca tuvo oportunidad para replicar a dicho escrito. También señala que la conclusión de la Junta en cuanto a que el área donde ubica la propiedad es “predominantemente residencial” no estuvo basada en prueba sustancial que surja del expediente. El recurrente afirma que durante la vista solicitó que se tomara conocimiento de un estudio que establecía que el 60 por ciento de las casas de la avenida Escorial estaban dedicadas a fines comerciales y que en contra de dicho planteamiento sólo se presentó el testimonio de la señora Bmsseau y la caita de los vecinos.
III
El Estado tiene la facultad de reglamentar las materias de planificación, uso de terrenos, zonificación y urbanismo, especialmente en un país industrial y densamente poblado como lo es Puerto Rico. ELA v. Mercado Carrasquilla, 104 DPR 784 (1976). Para que el Estado cumpla acertadamente con estas facultades y responsabilidades, la Legislatura ha delegado a las agencias administrativas amplios poderes, tanto cuasi-legislativos como cuasi-judiciales.
La Junta de Planificación es la agencia creada para proteger los intereses y el bienestar de la ciudadanía en general en el descargo de la política pública de planificación y zonificación. ELA v. Domínguez, 104 DPR 468, 470 (1975). La Rama Legislativa delegó en ella el poder de reglamentación, con normas amplias y generales que le permitieran gran discreción en el desarrollo y ejecución de la política pública de zonificación. López v. Junta de Planificación, 80 DPR 646, 661 (1958).
Según reconoce la jurisprudencia, la zonificación constituye una herramienta esencial para el desarrollo de la vida colectiva de los pueblos. Esta es “imprescindible para resolver los problemas humanos, sociales y económicos derivados principalmente de la densidad de población en las áreas urbanas; el tráfico y la circulación en el interior de la ciudad; la centralización industrial... o dicho en forma negativa: para evitar los graves males, desajustes y deficiencias materiales y humanos [sic.J produce la desorganización en las áreas urbanas, hay que establecer un programa efectivo de zonificación y planeamiento”. López v. Junta de Planificación, supra, en la pág. 662.
Los antedichos beneficios de la zonificación, “en unión a la función eminentemente social del concepto contemporáneo de la propiedad y nuestra realidad de limitación geográfica alta densidad poblacional justifican el ejercicio de razón del Estado para regular y controlar razonablemente el uso de la propiedad privada y la delegación de este poder en una agencia especializada: la Junta”. Luán Investment Corp. v. Román, 125 D.P.R. 533, 549 (1990).
Empero, los poderes delegados a la Junta para zonificar o rezonificar no son ilimitados, ni están libres del escrutinio judicial. Por el contrario, la Junta, al igual que otras agencias administrativas, debe aprobar reglamentos que delimiten o precisen sus facultades al amparo de la ley, evitando así actuaciones ilegales o arbitrarias. En este contexto, “[l]a función de los tribunales generalmente ha de ir dirigida a evaluar: (1) si la actuación administrativa está autorizada por la ley; (2) si se delegó poder de reglamentación; (3) si la reglamentación promulgada está dentro de los amplios poderes delegados; (4) si al aprobarse el reglamento se *1155 cumplió con las normas procesales de la ley orgánica y de las leyes especiales, y (5) si la reglamentación es arbitraria o caprichosa”. Marketing & Brokerage Specialists, Inc. v. Departamento de Agricultura, 118 D.P.R. 319, 325-26 (1987); López v. Junta Planificación, 80 D.P.R. 646, 661 (1958).
Por otro lado, según dispone el Artículo 32 de la Ley de Planificación, 23 L.P.R.A. sec. 63d, el procedimiento para la adopción o enmienda a un mapa de zonificación se considera de naturaleza cuasi-legislativa y no cuasi-adjudicativa, pues no resuelve una controversia entre partes particulares, sino que establece una reglamentación de aplicación general sobre el uso de la tierra. Los mapas de zonificación representan la forma visual y gráfica de instrumentar los reglamentos de zonificación y sus enmiendas. Véase, Luán Investment Corp. v. Román; Negrón Santos v. Junta de Planificación, 139 DPR 191 (1995). Tratándose de un procedimiento de esta naturaleza, “la Junta no tiene que expresar las determinaciones de hechos y de derecho en que fundamenta su decisión, como si se tratara de un procedimiento de naturaleza adjudicativa para dirimir una controversia particular”. Id.; Art. 32(b) de la Ley de Planificación, 23 LPRA sec. 63(b).
Debe notarse, además, que los dictámenes de las agencias administrativas merecen gran deferencia por parte de los tribunales. García Oyola v. Junta de Calidad Ambiental, 142 DPR 532 (1997); Metropolitan S.E. v. A.R.P.E., 138 DPR 200 (1995). Fundamento de ello son la experiencia y los conocimientos altamente especializados que las agencias administrativas poseen dentro del ámbito de sus facultades y responsabilidades. Se establece, por tanto, una presunción de legalidad y corrección a favor de las decisiones administrativas. A.R.P.E. v. Junta de Apelaciones sobre Construcciones y Lotificaciones, 124 D.P.R. 858, 864 (1989); Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975).
En cuanto a las garantías del debido proceso de ley, éstas aplican a los procesos administrativos, aunque con mayor flexibilidad que si se tratara de un proceso judicial. Véase, López Vives v. Policía de Puerto Rico, 118 DPR 219 (1987); López Santos v. Asociación de Taxis de Cayey, 142 DPR 109 (1996).
Por último, obsérvese que para que un tribunal pueda decidir que la evidencia contenida en un expediente administrativo no es sustancial, es necesario que la parte afectada demuestre que existe otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia y que la decisión administrativa no está justificada por una evaluación justa del peso de la prueba que la agencia tuvo ante su consideración. Ramírez v. Depto. de Salud, 147 D.P.R. 901, 905 (1999).
IV
Como cuestión de umbral, debemos examinar las alegaciones del recurrente tomando en consideración que el procedimiento de rezonificación impugnado es de índole cuasi legislativa y no cuasi judicial. Esta diferencia acarrea ciertas consecuencias sustantivas importantes, en términos de la rigurosidad del procedimiento exigido ley. Así, se ha explicado que:

“La ley no le requiere a las agencias que le provea a las personas interesadas una participación análoga a la del procedimiento de adjudicación. Se le confiere a la agencia la discreción de diseñar el procedimiento para la participación pública en el procedimiento de reglamentación. Sólo se le impone a La agencia administrativa que le provea a la ciudadanía “oportunidad para someter comentarios por escrito durante un término no menor de treinta días contados a partir de la fecha de la publicación del aviso” [3 LPRA sec. 2122] ... La forma, manera y grado de participación del público y la ciudadanía son determinadas por entero por la agencia. Para propósitos de la Ley, el requisito de participación pública se cumple en la medida en que se notifique en el aviso de que la información y el escrito se le sometan a la agencia. ...La audiencia en el procedimiento de reglamentación no es un derecho constitucional.... DEMETRIO FERNÁNDEZ QUIÑONES, Derecho Administrativo 113-114 (2000). ”

Se observa, entonces, que el proceso cuasi legislativo sólo contempla la participación ciudadana a través de *1156 una vista pública que no es adjudicativa, o de la presentación de comentarios por escrito. No se trata de un proceso análogo al judicial. En este sentido, no podemos suscribir la alegación del recurrente de que en un procedimiento cuasi legislativo una parte con interés tiene derecho, entre otras cosas, “a examinar la evidencia presentada por la parte adversa, derecho a contrainterrogar testigos, a replicar todas las mociones y derecho a que la decisión esté basada en el expediente o récord del caso
En contra de la alegación del recurrente gravitan varios factores. En primer lugar, en el procedimiento cuasi legislativo no hay “partes” o “testigos”, sino más bien “interesados” o “afectados” y “deponentes”. El que las personas interesadas tengan posiciones encontradas, no las convierte en partes adversas en el sentido cuasi juducial. Por otro lado, es evidente que el proceso cuasi legislativo, al igual que el propiamente legislativo, no podría funcionar si a todos los interesados se les concediera el derecho a contrainterrogar o a replicar. Se convertiría el proceso en uno puramente adversativo, lento e inefectivo para el propósito de reglamentación.
Debemos señalar, además, que el Sr. Ruiz pudo exponer ampliamente su punto de vista sobre la enmienda al reglamento solicitada y pudo replicar esencialmente a todos los señalamientos de los vecinos. De hecho, presentó una “Replica a la Oposición Verbal de la Ponencia” y una “Réplica a una Oposición por Escrito”. Éstas se referían a los comentarios presentados durante la vista y que eran, de hecho, similares a los posteriormente presentados.
Además, el recurrente no alega que la Junta no cumplió con su reglamento al llevar a cabo las vistas sobre la rezonificación. Más bien aduce que el proceso reglamentario no cumplió con el debido proceso de ley. Evidentemente, la Junta actuó conforme a su reglamento, ya que publicó un aviso de vista pública, le dio participación al señor Ruiz y a vecinos de la comunidad de Caparra Heights. El proceso dispuesto en el reglamento, según hemos explicado, cumple con lo requerido para procedimientos de esta naturaleza.
En cuanto a los méritos de la determinación de la agencia, nótese que cuando “un ciudadano, perjudicado por la zonificación dispuesta en los mapas de la Junta, solicita y cumple con los requisitos de ley para la rezonificación, queda a discreción de dicho organismo conceder o denegar la misma Luán Investment Corp. v. Román, supra, en la pág. 551. Cuando una decisión envuelve el ejercicio de discreción, corresponde al que la impugna demostrar que ésta fue arbitraria o caprichosa. Ni del expediente ni de las alegaciones de las partes se desprenden motivos que nos hagan concluir que la decisión de la agencia en este caso fue arbitraria o caprichosa.
Por último, nos resta discutir la alegación del recurrente en cuanto a que la conclusión de la agencia no se basó en evidencia sustancial contenida en el expediente. La Junta tuvo ante sí testimonios a favor y en contra de la rezonificación solicitada por el Sr. Ruiz y a base de éstos y de su conocimiento especializado concluyó que la zona de Caparra, donde ubica la propiedad del Sr. Ruiz, era predominantemente residencial. Esta conclusión no es irrazonable, ya que surge del Mapa de Zonificación de San Juan, presentado por el recurrente ante la Junta como parte de su petición de rezonificación. Como señala el propio recurrente, la operación de negocios no autorizados no es argumento legítimo para justificar una petición de rezonificación. La existencia de comercios defacto no obliga a la agencia a enmendar sus reglamentos.
Por los fundamentos expuestos, se expide el auto y se confirma la resolución recurrida.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General