EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* THE FAJARDO SUGAR GROWERS ASSOCIATION, FRANCISCO CRUZ, SANTIAGO DÍAZ, NICASIO FIGUEROA, GERÓNIMO y JUAN LÓPEZ, ALEJANDRO y ELADIO ALHOYO y FRANCISCO CEPEDA, demandados y apelantes.

No. 4859.—*Sometido:* Mayo 6, 1932. *Resuelto:* Julio 14, 1933.

*Jaime Sifre Jr., H. Franceschi y Diego O. Marrero,* abogados de los apelantes; *Hon. Procurador General Charles E. Winter (James R. Beverley* en el alegato) y *A. Ortiz Toro, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este es un caso de *injunction* para recobrar la posesión de un bien inmueble iniciado por El Pueblo de Puerto Rico

---

* NOTA: Véase el prefacio.

contra la Fajardo Sugar Growers Association y otros de acuerdo con la Ley No. 43 de 1913 (pág. 85) tal como quedó enmendada por la No. 11 de 1917 ((2) pág. 221).

Se presentó una demanda y luego otra enmendada, alegándose finalmente que El Pueblo de Puerto Rico dentro del año precedente a la presentación de la demanda original estaba en posesión real y material y lo estuvo hasta el 24 de agosto de 1927 de una parcela de manglar ubicada en el barrio de Daguao, municipio de Naguabo, dentro del predio o monte manglar denominado Esperanza, parcela que se describe debidamente por puntos, rumbos, grados y señales, y que colinda por el Sur y Este con más manglares del Pueblo; por el Norte con dichos manglares y tierras de la Fajardo Sugar Co., y por el Oeste con dichos manglares y el Río Quebrada Palmas, siendo su extensión de 3,381.16 metros cuadrados, equivalentes a 0.86 de cuerda.

Se alegó además que en el dicho día 24 de agosto de 1927 el demandante fué despojado por la demandada de la posesión de dicha parcela, actuando por sus mayordomos Francisco Cruz y Santiago Díaz, su capataz Nicasio Figueroa y sus peones Jerónimo López, Juan López, Alejandro Alhoyo, Eladio Alhoyo y Faustino Cepeda, penetrando en ella sin el consentimiento de la demandante, a mano armada, tendiendo una vía portátil a lo largo del mismo y cortando a ambos lados árboles de mangle.

Se alegó también la posesión real y material por parte del Pueblo, dentro del año anterior a la presentación de la demanda original y al presentarla, de la totalidad de los manglares de la Esperanza que se describe debidamente, con excepción a partir de la fecha indicada de la parcela de que fué despojado por la demandada y que forma parte de dichos manglares, siendo la intención de la demandada extender su perturbación a todos ellos.

Contestó la demandada negando los hechos de la demanda que le perjudicaban y alegando que es dueña y ha estado en la posesión civil, real y material durante el año anterior a

la radicación de la demanda original de una finca rústica en Daguao, Naguabo, de 450 cuerdas que describe y de otra de 450 cuerdas que también describe, fincas que colindan entre sí y que mensuradas resultaron tener 679 cuerdas, formando parte de la segunda una parcela de manglar de cien cuerdas más o menos. Sostuvo que la pequeña parcela que se le imputa haber despojado está en su posesión porque le pertenece por estar comprendida en los manglares de referencia.

Solicitó el demandante la expedición de un *injunction* preliminar. Se ordenó por la corte a los demandados que mostraran causa por qué no debía ser expedido. Contestaron los demandados en el sentido indicado. Fué la contienda a juicio y la corte la resolvió finalmente por sentencia declarando la demanda con lugar ordenando a la demandada restituir a la demandante la posesión de la pequeña parcela de que se trata, con los demás pronunciamientos de ley.

No conforme la demandada apeló para ante este tribunal. Señala en su alegato la comisión de tres errores, a saber: 1, que la corte sentenciadora erró al resolver que la prueba del demandante demostró que estaba en posesión de los manglares de que se trata; 2, al negarse a admitir en evidencia el título de propiedad de la demandada sobre los mismos, y 3, al dictar sentencia a favor de la demandante cuando la preponderancia de la prueba estaba en favor de la demandada.

██ Comenzando por el segundo señalamiento bastará decir para concluir que no hubo error, que la cuestión que en el mismo se suscita ha sido resuelta repetidamente por esta Corte Suprema en el sentido de que en pleitos de esta naturaleza sólo debe investigarse el hecho de la posesión. La sentencia que en ellos se dicta no tiene autoridad de cosa juzgada sobre el derecho dominical que puedan tener las partes contendientes sobre la propiedad en cuestión.

██ La prueba fué en verdad contradictoria. A ella refiriéndose, dijo la corte de distrito en la opinión que sirvió de base a su sentencia:

"'La prueba del demandante demuestra que la parcela de terreno en la cual se han cortado mangles y tendido vías portátiles, estaba en posesión del Pueblo de Puerto Rico más de un año antes de la interposición de la demanda y el día 24 de agosto de 1927 y esta conclusión está a su vez robustecida por la propia prueba de la parte demandada, ya que los testigos Rafael A. Veve, Jefe de Cultivo, Francisco Cruz, Mayordomo, Miguel Figueroa, Nicasio Fonseca y Juan E. Sabat, celadores todos, nos dicen que cada vez que intentaban cortar mangles eran interrumpidos en el corte por el empleado del Servicio Forestal, Valeriano Flores, habiendo declarado Juan E. Sabat, que Flores era el guardián del manglar, lo que nos demuestra que la posesión material del mismo estaba en poder del Pueblo de Puerto Rico por medio de sus empleados del Servicio Forestal.

"Existiendo, además, prueba de que en más de una ocasión los empleados de la demandada fueron impedidos en el corte por el Servicio Forestal, acatando dichas órdenes hasta el día 24 de agosto de 1927 en que no aceptaron las órdenes de dichos empleados, cumpliendo y obedeciendo a la demandada, que sostenía que aquello era de su propiedad."

Examinada la evidencia, encontramos que sostiene la conclusión a qué llegara la corte de distrito. Siendo ello así, *debe confirmarse la sentencia recurrida.*

Los Jueces Asociados Señores Wolf y Adrey disintieron.*