CARMELO MENDOZA, haciendo negocios bajo el nombre de HOTEL LA PALMA, recurrente, *v.* JUNTA INSULAR DE SALARIO MÍNIMO, recurrida.

Número 111.

*Sometido:* 3 de marzo de 1953. *Resuelto:* 22 de abril de 1953.

744

*Luis F. Sánchez Vilella, Celestino Morales, Jr.,* y *Sarah Torres Peralta,* abogados del recurrente; *Joaquín Gallart Mendía* y *Domingo Candelario,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

Carmelo Mendoza, haciendo negocios bajo el nombre de Hotel La Palma, ha interpuesto ante este tribunal un recurso de revisión en que impugna la validez del decreto núm. 22, aprobado por la Junta de Salario Mínimo el 6 de agosto de 1952, refiriéndose dicho decreto al negocio de hoteles. Independientemente del hecho de que prácticamente todas las cuestiones planteadas por el recurrente han sido ya consideradas y decididas en los casos de *Hilton Hotels, Inc.* v. *Junta, Condado Beach Hotel* v. *Junta* y *Hotel Palace, Inc.* v. *Junta,* resueltos en el día de hoy (ante págs. 670, 724 y 736, respectivamente), nos vemos obligados a desestimar el recurso entablado en este caso, declarando así con lugar la moción de desestimación presentada por la Junta.

El recurrente no compareció en momento alguno, ni en etapa alguna del procedimiento, ante la Junta de Salario Mínimo, ni formuló objeciones ni proposiciones de enmiendas de clase alguna ante la Junta. Plantea por primera vez sus objeciones ante este tribunal. No ha agotado sus remedios administrativos en la forma señalada por la Ley de

Salario Mínimo, ley que gobierna exclusivamente el procedimiento de revisión de decretos por este tribunal. Veamos.

La sección 24 de la ley citada dispone, en parte, lo siguiente:

"Las conclusiones de hecho a que llegue la Junta, actuando dentro de sus poderes, serán concluyentes, en ausencia de fraude. El perjudicado por cualquier decreto, reglamento, resolución u orden de la Junta podrá, dentro del término de quince días después de la promulgación del decreto mandatorio o de la resolución u orden, solicitar revisión ante el Tribunal Supremo de Puerto Rico. Podrán acumularse en una misma acción varios recursos de revisión cuando las cuestiones levantadas en ellos sean idénticas. El Tribunal podrá confirmar, anular o devolver a la Junta para ulteriores procedimientos el decreto, reglamento, resolución u orden; pero la anulación o devolución sólo tendrá lugar por el fundamento de que la Junta actuó *sin facultad o en exceso de sus poderes, siempre que la cuestión se haya levantado ante la Junta de modo expreso y en el momento oportuno de acuerdo con el trámite dispuesto en las secciones 9 y 10 para exponer objeciones y proponer enmiendas en relación con la adopción de decretos, o porque el decreto, reglamento, resolución u orden se obtuvo mediante fraude.*" (Bastardillas nuestras.) (¹)

Como hemos visto, tal sección requiere que la cuestión se haya levantado ante la Junta de acuerdo con el trámite dispuesto en las secciones 9 y 10 para exponer objeciones y proponer enmiendas. Las secciones 9 y 10 disponen lo siguiente:

"Sección 9.— (Según quedó enmendada por la Ley núm. 48, aprobada el 10 de junio de 1948).—Tan pronto como la Junta haya adoptado el referido proyecto de decreto se dará a conocer mediante publicación en por lo menos un periódico diario de circulación general en el país y se suministrará copia del mismo a toda persona interesada que la solicite. La publicación incluirá un aviso, que se insertará antes de la copia del proyecto, advirtiendo que éste se ha presentado, que del mismo hay copias disponibles para envío o entrega a los interesados y que, dentro de los quince días siguientes a la fecha que indicará el propio

---

(¹) En su texto inglés, adoptado de la Ley Federal de Normas Razonables del Trabajo, se concede el derecho de revisión a "any person aggrieved by an order," etc.

aviso cualquier persona o parte *a quien el decreto propuesto pueda perjudicar o afectar adversamente* tendrá derecho a formular escrito bajo juramento exponiendo en qué consiste tal perjuicio o interés adverso, *estableciendo sus objeciones o proponiendo las enmiendas que considere pertinente, y expresando los elementos de prueba con que cuenta para sostener sus contenciones.*

"Si transcurren los referidos quince días sin haberse recibido en la oficina del Secretario de la Junta ningún escrito en la forma que establece el párrafo anterior, el proyecto se convertirá en decreto mandatorio tal como haya sido publicado y empezará a regir con carácter de ley quince días después de haberse insertado aviso al efecto en un periódico de circulación general en el país, a menos que la Junta disponga un plazo mayor, sin exceder éste de noventa días a partir de la publicación de dicho aviso.

"Sección 10.—(Según quedó enmendada por la Ley núm. 48, aprobada el 10 de junio de 1948). Siempre que alguna persona o parte formule el escrito que se menciona en la sección anterior, así como en cualquier otro caso en que la Junta lo juzgue conveniente, se fijará día y sitio para la celebración de audiencia pública con el objeto de considerar el proyecto de decreto y determinar si el mismo debe aprobarse finalmente para regir y obligar a los patronos, empleados y trabajadores de la industria, negocio u ocupación que se ha investigado. Dicha audiencia, que se celebrará ante la Junta, su Presidente o un receptor de prueba que éste designe, se anunciará mediante aviso que se publicará por lo menos en un periódico de mayor circulación general en el país con antelación no menor de diez días. En dicha audiencia la Junta ofrecerá como prueba todas las estadísticas, estudios, investigaciones, datos, documentos, testimonios y cualesquiera otras informaciones que considere pertinentes, y se oirá a las partes interesadas, recibiéndose toda la prueba pertinente que aporten. Se hará una transcripción taquigráfica del procedimiento.

"La Junta concederá a toda persona que así lo solicite al terminarse la audiencia, un término no menor de diez (10) días para radicar escritos exponiendo objeciones o proponiendo enmiendas *al proyecto de decreto* a base de la prueba aportada y recibida en esa audiencia.

"Una vez expirado el término para radicar escritos, la Junta procederá a dictar decreto mandatorio para la industria, negocio u ocupación de que se trate, que empezará a regir con fuerza

de ley quince (15) días después de haberse insertado aviso al efecto en un periódico de mayor circulación general, a menos que en el aviso se disponga la vigencia para fecha posterior, sin que el plazo así fijado exceda en ningún caso de noventa (90) días a partir de la publicación del aviso." (Bastardillas nuestras.)

El recurrente no siguió el trámite dispuesto en las secciones 9 y 10 transcritas, y, por lo tanto, no ha cumplido con el requisito señalado en la sección 24. No agotó sus remedios administrativos en la forma determinada por el estatuto, y, por lo tanto, este Tribunal carece de jurisdicción sobre el caso. *Cf. Todd* v. *Securities & Exchange Commission,* 137 F.2d 475, 478.

Alega el recurrente que la sección 24 se refiere al derecho de revisión de "personas perjudicadas" y no de "partes perjudicadas" y que, por lo tanto, no era necesario el que el propio recurrente hubiese sido parte en el procedimiento ante la Junta, siendo suficiente el que la "cuestión se haya levantado ante la Junta" por. alguna otra persona que hubiese sido parte en el procedimiento ante la Junta. Es plausible el argumento, y correspondería a la deseabilidad de considerar las cuestiones en sus méritos, prescindiendo de requisitos técnicos. Pero la sección 24 va más lejos, y en forma explícita, exige que se haya planteado la cuestión ante la Junta "de modo expreso y en el momento oportuno de acuerdo con el trámite dispuesto en las secciones 9 y 10". Considerando conjuntamente, como debemos hacerlo, las secciones 24, 9 y 10 de la ley, es evidente que la "persona perjudicada" o "agraviada" a que se refiere la sección 24, debe ser una que haya observado los trámites de las secciones 9 y 10, o sea, que haya presentado oportunamente sus objeciones ante la Junta.

La interpretación que estamos adoptando podría ser considerada como restrictiva, pero corresponde a lo señalado por la ley. Además, tal norma sirve para estimular a las personas afectadas a. presentar oportunamente sus puntos de

vista a la Junta, quien tendría el beneficio de tal formulación de objeciones. Ése, aparentemente, es el propósito de la ley. Ello tiende a evitar que algunas personas interesadas obtengan pasivamente el beneficio de la gestión y labor de otras personas afectadas que actúan con diligencia al hacerle saber sus objeciones a la Junta.

*Debe desestimarse el recurso de revisión interpuesto en este caso.*

---

### EN RECONSIDERACIÓN
#### (30 de junio de 1953)

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

El recurrente nos pide que reconsideremos la sentencia dictada por este Tribunal el 22 de abril de 1953, en virtud de la cual desestimamos el recurso interpuesto en este caso. Basamos nuestra actuación en el hecho de que el recurrente no compareció en momento alguno, ni en etapa alguna del procedimiento, ante la Junta de Salario Mínimo, ni formuló objeciones ni proposiciones de enmiendas de clase alguna ante la Junta, planteando por primera vez sus objeciones ante este Tribunal. Resolvimos que la "persona perjudicada" o "agraviada", con derecho a solicitar revisión ante este Tribunal, bajo la sección 24 de la Ley de Salario Mínimo, debe ser una que haya observado los trámites de las secciones 9 y 10, o sea, que haya presentado oportunamente sus objeciones ante la Junta.

■■ Ahora bien, el recurrente tiene razón, en parte, en su moción de reconsideración. Tal como resolvimos en el caso de *Hilton Hotels, Inc.* v. *Junta de Salario Mínimo*, ante pág. 670, las secciones 9 y 10 citadas son aplicables a aquellas objeciones que pudieron haberse formulado con respecto al proyecto de decreto, pero no es necesario, como requisito previo a la interposición de un recurso de revisión ante este Tribunal, el que se presenten objeciones ante la Junta con respecto a materias nuevas contenidas en el decreto final que no estaban incluídas en el proyecto de decreto.

En el caso de autos, varias de las objeciones del recurrente se refieren a cuestiones que no estaban incluídas en el proyecto de decreto y sí en el decreto final, por lo que no procede la desestimación del recurso. Pero considerando en sus méritos tales objeciones, ellas fueron ya discutidas y resueltas por este Tribunal, en forma adversa a los puntos de vista del recurrente en los casos de *Hilton Hotels, Inc.* v. *Junta,* supra; *Condado Beach Hotel* v. *Junta;* y *Hotel Palace, Inc.* v. *Junta,* ante págs. 724 y 736. La mayor parte de tales cuestiones fueron resueltas en forma específica y directa, y en cuanto al resto, el razonamiento desarrollado y expresado en esos casos sirve de base para que lleguemos a la conclusión de que el decreto es válido en cuanto a tales cuestiones.

En los casos citados llegamos a la conclusión de que debe anularse el artículo 6 del decreto mandatorio número 22. Ese dictamen no puede hacerse extensivo al caso de autos ya que la disposición contenida en el artículo 6 había sido incluída en el proyecto de decreto y el recurrente no compareció ante la Junta y no formuló objeción alguna contra tal disposición, no cumpliendo, por lo tanto, con los requisitos contenidos en las secciones 9, 10 y 24 de la ley citada, en cuanto a ese extremo.

*Debe dejarse sin efecto nuestra sentencia de 22 de abril de 1953, en tanto en ella se desestima el recurso interpuesto, pero, considerando el recurso en sus méritos, debe decretarse la validez del Decreto núm. 22, en lo que se refiere al recurrente en el caso de autos.*

---

EN RECONSIDERACION
(11 de agosto de 1953)

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

Ambas partes solicitan de nosotros que reconsideremos nuestra sentencia, dictada, a su vez en reconsideración, el 30 de junio de 1953. En ella decretamos la validez de la totalidad del Decreto núm. 22, en lo que se refiere al recu-

rrente en el caso de autos. Ambas partes solicitan que aclaremos el alcance de aquella parte de nuestra opinión en que resolvimos que no podía hacerse extensivo a este caso nuestro dictamen de nulidad del artículo 6 del Decreto Mandatorio núm. 22, hecho en el caso de *Condado Beach Hotel* v. *Junta*, ante pág. 724, ya que el recurrente no había comparecido ante la Junta en momento alguno para impugnar la validez de ese artículo, que estaba incluído en el proyecto de decreto.

■■■■ Después de considerar nuevamente la cuestión cuya aclaración solicitan ambas partes, hemos llegado a la conclusión de que fué erróneo el criterio que adoptamos en nuestra opinión anterior al efecto de que nuestro dictamen, contenido en otros casos de otros hoteles, en cuanto al artículo 6 del Decreto núm. 22, no podía hacerse extensivo a este caso. De acuerdo con la sección 9 de la Ley de Salario Mínimo, un decreto mandatario aprobado por la Junta de Salario Mínimo rige con carácter de ley. Tal disposición estatutaria corresponde a la regla general que determina que una fijación administrativa de salarios, con efectividad en el futuro, participa de la naturaleza de un acto legislativo (*Prentis* v. *Atlantic Coast Line Co.*, 211 U. S. 210; Davis, *Administrative Law*, págs. 192, 595; Cf. *Arizona Grocery* v. *Atchison Ry.*, 284 U. S. 370, 389), aunque requiera un procedimiento "cuasi judicial" para su aprobación. Cf. *Morgan* v. *United States*, 298 U. S. 468. Teniendo el carácter de ley, la validez o invalidez de sus disposiciones, o de alguna de ellas, debe tener una efectividad general, no limitada a los litigantes específicos que las hayan impugnado de acuerdo con el estatuto. Una revisión judicial del decreto equivale a un ataque, parcial o total, a esa "ley", de acuerdo con el procedimiento estatutario. La anulación de una parte específica del decreto es análoga a la modificación de una ley, a través de un procedimiento judicial, sin que deje de ser ley de general aplicación el decreto así modificado. La ratificación judicial de la totalidad del decreto implica que

el decreto, como ley, mantiene su integridad y validez general, aplicable a todas las personas y entidades.

Reconsideramos también nuestro dictamen en cuanto a la invalidez del artículo 6. Habíamos decretado la nulidad de tal disposición en vista de que ella no estaba sostenida por evidencia adecuada. Pero aun siendo ello así, cualquier dictamen que se formule en cuanto al artículo 6 o cualquier variación que se verifique de dicho artículo no produciría efecto práctico alguno en cuanto al margen de beneficios razonables de los hoteles ni en cuanto a los salarios reales de los trabajadores. Podrían variar los factores en cuanto a la cuantía de los descuentos por concepto de servicios, pero los resultados siempre serían los mismos, en cuanto a beneficios y salarios reales. Por lo tanto, carece de significación concreta cualquier defecto procesal en que hubiese incurrido la Junta al aprobar el artículo 6.

Los gastos totales de los hoteles, según fueron determinados por la Junta a los fines de fijar luego la cuantía de los beneficios razonables, incluían necesariamente la partida del costo de los servicios suministrados a los empleados, aunque esa partida no fuese contabilizada separadamente. Los ingresos brutos totales de los hoteles incluían también la partida de los descuentos autorizados por la Junta bajo el artículo 6. La diferencia entre ambas partidas, de gastos e ingresos totales, representa ser el margen de beneficio razonable de esas empresas. Una variación en la cuantía de los descuentos conllevaría una variación en la partida de los ingresos totales pero implicaría también un cambio correspondiente en la partida de los gastos, a los fines de variar proporcionalmente el salario de los empleados para que estos últimos siempre tuviesen el mismo salario real (salario fijado menos descuentos) y para que los hoteles siempre tuviesen el mismo margen de beneficios razonables. Por lo tanto, cualquier posible error en la fijación de los descuentos no produciría impacto económico alguno sobre la situación económica esencial de los hoteles y de los empleados, en lo re-

lativo a beneficios razonables y salarios reales. Cualquier posible defecto procesal incurrido en la aprobación del artículo 6 no debe producir su nulidad ya que él sería académico y carecería de efecto concreto alguno en cuanto a la situación económica relativa de las partes.

La interdependencia de los factores ya señalados, determinante de que una fluctuación en los factores no alteraría los resultados esenciales, conlleva el hecho de que el artículo 6 no está sujeto a impugnación. Debe sostenerse, por lo tanto, la validez del artículo 6. Teniendo el decreto el carácter de una ley, tal pronunciamiento que ahora adoptamos es extensivo y aplicable a todos los hoteles a que se aplica el artículo 6, incluyendo al Caribe Hilton, al Condado Beach, al Hotel Palace y al recurrente en el caso de autos.

*Debe decretarse la validez del Decreto núm. 22.*

El Juez Asociado Sr. Sifre disiente de la opinión y sentencia dictadas en reconsideración con fecha de hoy en tanto en cuanto en ellas se sostiene la validez del artículo 6 del Decreto núm. 22.