Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MARILYS DE JESÚS MACEIRA | | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Bayamón |
|---|---|---|
| Apelada | KLAN202400424 | |
| v. | | Caso Núm. BY2023CV00402 |
| JUAN RICARDO VEGA ORTIZ | | |
| Apelante | | Sobre: Injunction, Acción Civil, Daños y Perjuicios |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de febrero de 2025.

I.

El 25 de enero de 2023 la Sra. Marilys De Jesús Maceira instó una *Demanda* en contra del Sr. Juan Ricardo Vega Ortiz, en solicitud de entredicho provisional, *injuction* preliminar y permanente y daños y perjuicios. Alegó que el señor Vega Ortiz le ha limitado el uso y disfrute de un bien inmueble de su propiedad -Finca-E-, localizada en el Barrio Sabana Seca, Toa Baja. Solicitó que se ordenara al señor Vega Ortiz cesar y desistir de su conducta, y que los inquilinos a quienes el señor Vega Ortiz le arrendó el bien ilegalmente desalojaran la propiedad. Finalmente, reclamó $200,000.00 por daños, perjuicios y angustias mentales.

El 26 de enero de 2023 el Tribunal de Primera Instancia declaró NO HA LUGAR la solicitud de entredicho provisional y señaló vista de *injuction* preliminar y permanente para el 3 de febrero de 2023. Luego de que se celebrara la vista, el 10 de febrero de 2023, el señor Vega Ortiz presentó *Contestación a Demanda y Reconvención.* Alegó que la Finca-E en controversia le pertenece a su

Número Identificador

SEN2025_____

nieto menor de edad como único heredero de su padre, el Sr. Omar Vega Colón, quien falleció sin haber otorgado testamento en el año 2022. Indicó que la señora De Jesús Maceira adquirió dicho bien mediante compraventa simulada. Arguyó que la señora De Jesús Maceira tenía una actitud grosera, desafiante y hostil en su contra y que dichas actitudes le causan angustias cuantificables en $250,000.00. El 17 de febrero de 2023 la señora De Jesús Maceira presentó *Replica a la contestación de la demanda y a la reconvención,* Arguyó que el negocio jurídico no fue una compraventa simulada y reiteró ser la dueña del bien inmueble. Planteó no haber ido a su inmueble dado a que el señor Vega Ortiz desactivó los "beepers" de la entrada para impedirle su acceso.

Tras acoger la *Demanda* como una de interdicto posesorio y no de entredicho provisional e *injution* preliminar y permanente, el 11 de marzo de 2024 el Tribunal de Primera Instancia dictó *Sentencia.*[1] Declaró HA LUGAR la *Demanda* y ordenó al señor Vega Ortiz cesar y desistir de penetrar y perturbar en la posesión de la propiedad de la señora De Jesús Maceira, so pena de desacato. En cuanto a la causa de acción por daños y perjuicios de la señora De Jesus Maceira, la declaró No Ha Lugar y archivó sin perjuicio. Además de imponerle el pago de las costas, gastos del pleito y honorarios de abogado al señor Vega Ortiz, declaró NO HA LUGAR su *Reconvención* y la archivó con perjuicio.

En desacuerdo, el 27 de marzo de 2024 el señor Vega Ortiz presentó *Reconsideración.* El 1 de abril de 2024,[2] el Tribunal de Primera Instancia declaró NO HA LUGAR la *Moción de Reconsideración.*[3] Todavía inconforme con dicha determinación, el 1

---

[1] Notificada el 12 de marzo de 2024.

[2] Notificada el 2 de abril de 2024.

[3] El 1 de mayo de 2024 la parte apelada presentó *Moción en Solicitud de Desacato.* Sostuvo que el señor Vega Ortiz había ingresado en la propiedad llevándose bienes muebles y dejándola vandalizada.

de mayo de 2024, el señor Vega Ortiz acudió ante nos mediante

*Apelación.* Plantea:

**PRIMER ERROR:**
**ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL DICTAR SENTENCIA SIN SEÑALAR VISTA EN LOS MÉRITOS LUEGO DE PRESENTADAS LAS ALEGACIONES DE LAS PARTES, SIN QUE LAS PARTES DIERAN POR SOMETIDO EL CASO O SE HUBIERA SOLICITADO SENTENCIA SUMARIA POR ALGUNO DE LOS LITIGANTES.**

**SEGUNDO ERROR:**
**ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL DETERMINAR MOTU PROP[R]IO QUE EL CASO SE TRATABA EN REALIDAD DE UNA SOLICITUD DE UN INTERDICTO POSESORIO Y PROCEDIÓ A ANALIZAR EL CASO A LA LUZ DE LOS REQUERIMIENTOS DE DICHA FIGURA JURÍDICA OTORGANDO UN INTERDICTO POSESORIO A FAVOR DE LA DEMANDANTE PRIVANDO CON ELLO AL DEMANDADO DE UN DEBIDO PROCEDIMIENTO DE LEY.**

**TERCER ERROR:**
**ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL CONCEDER UN INJUNCTION POSESORIO A FAVOR DE LA DEMANDANTE SIN DETERMINAR QUIÉN HABÍA ESTADO EN POSESIÓN DEL INMUEBLE EL AÑO PRECEDENTE A LA RADICACIÓN DEL MISMO.**

**CUARTO ERROR:**
**ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL ORDENAR AL DEMANDADO, SO PENA DE DESACATO, DESISTIR DE PENETRAR EN LA FINCA 61 E SIN CONSIDERAR QUE TAL DETERMINACIÓN INCIDE SOBRE LOS DERECHOS PROPIETARIOS Y POSESORIOS DEL DEMANDADO SOBRE LA FINCA 61 C, SIENDO LA FINCA 61 E EL ÚNICO ACCESO A FINCA DEL APELANTE.**

**QUINTO ERROR:**
**ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL IMPUTAR TEMERIDAD AL DEMANDADO POR NO EVITAR EL PLEITO INCOADO POR LA DEMANDANTE.**

**SEXTO ERROR:**
**ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL ORDENAR EL ARCHIVO CON PERJUICIO DE LA CAUSA DE ACCIÓN DE DAÑOS Y PERJUICIOS INCOADA POR EL DEMANDADO MIENTRAS QUE AL DESESTIMAR LA CAUSA POR DAÑOS Y PERJUICIOS DE LA APELADA LO HIZO SIN PERJUICIO.**

El 7 de mayo de 2024, emitimos *Resolución* concediéndole un

término de diez (10) días al señor Vega Ortiz para informar el método

de reproducción de la prueba oral que utilizaría de creerlo necesario.

El 17 de mayo de 2024 el señor Vega Ortiz presentó *Moción en cumplimiento de orden* e informó que el método de reproducción de prueba oral que utilizaría es el de transcripción de prueba oral. El 21 de junio de 2024 la señora De Jesús Maceira presentó *Memorando en oposición a la apelación.* El 8 de julio de 2024, el señor Vega Ortiz presentó *Moción Acompañando Transcripción de Vista.*

Con el beneficio de la comparecencia de las partes, el derecho y jurisprudencia aplicables, resolvemos.

II.

Discutiremos conjuntamente el primer, segundo y tercer error por estar estrictamente relacionados. En el primero, el señor Vega Ortiz sostiene que el Tribunal de Primera Instancia erró y abusó de su discreción, al dictar sentencia sin señalar vista en los méritos luego de presentadas las alegaciones de las partes.

En el segundo y tercer señalamiento de error el señor Vega Ortiz plantea que el Foro primario abusó de su discreción al determinar *motu proprio* que el caso se trataba en realidad de una solicitud de interdicto posesorio, y, de esa forma, conceder un *injuction* posesorio sin determinar quién había estado en posesión del inmueble el año precedente a la radicación de la *Demanda.* Veamos la validez de sus planteamientos.

A.

La posesión es el acto de poseer o tener una cosa corporal con ánimo de conservarla para sí o para otro.[4] El concepto de posesión, en su acepción de derecho real, tiene dos vertientes: la posesión de hecho y la posesión de derecho. Quien se apodera de una cosa, sin tener derecho alguno a tal proceder, tiene el *hecho* de la posesión.[5]

---

[4] Ignacio Rivera García, Diccionario de Términos Jurídico 211 (2da ed. 1985).
[5] José R. Vélez Torres, Curso de Derecho Civil: Los Bienes, Los Derechos Reales 116 (3ra ed. 1997).

En cambio, cuando la persona tiene la cosa conforme al ordenamiento jurídico, tiene *derecho* a la posesión.[6]

La posesión puede ser natural o civil. La natural se define como la tenencia de una cosa o el disfrute de un derecho por una persona.[7] La posesión civil es la misma tenencia o disfrute, unidos a la intención de hacer la cosa o derecho como suyo.[8] Así pues, toda tenencia es una posesión natural, pero cuando le acompaña dicha intención, es civil.

Nuestro ordenamiento brinda protección a todo poseedor a ser respetado en su posesión.[9] Si fuere inquietado en ella, deberá ser amparado o restituido en dicha posesión por los medios que las leyes de procedimiento establecen.[10] No es determinante si **la posesión está o no justificada,** sino que haya una existencia de posesión de hecho que, en determinado momento, esté expuesta a perderse o **ya se haya perdido**.[11] En otras palabras, no es determinante si la posesión está o no justificada, sino la existencia de esta y si se ha perdido o está expuesto a perderse.

En Puerto Rico, los Artículos 690 y 691 del Código de Enjuiciamiento Civil,[12] regulan el mecanismo de interdicto posesorio establecido para remediar actos de perturbación o desposesión. El artículo 690 establece:

> Se concederá un *injunction* para retener o recobrar la posesión material de propiedad inmueble, a instancia de parte interesada, siempre que ésta demuestre, a satisfacción del tribunal, que ha sido perturbada en la posesión o tenencia de dicha propiedad por actos que manifiesten la intención de inquietarle o despojarle, o **cuando haya sido ya despojada de dicha posesión o tenencia**.[13]

---

[6] *Id.* en las págs. 116-117.
[7] 31 LPRA § 7822.
[8] *Id.*
[9] *Id.* § 7862.
[10] *Id.*
[11] *Miranda Cruz y Otros* v. *S.L.G. Ritch*, 176 DPR 951, 960 (2009).
[12] 32 LPRA § 3561-3562.
[13] *Id.* § 3561.

Su propósito es proveer al poseedor un remedio rápido o eficaz para proteger su posesión, desalentando así que los ciudadanos recurran a la fuerza y a la violencia frente a amenazas de desposesión o a la desposesión consumada de forma ilegal.[14] Debido al carácter sumario de este remedio, un Tribunal no puede investigar en un interdicto para recobrar la posesión de un inmueble cuestiones de título sobre dicha propiedad inmueble. Sólo puede litigarse el hecho y no el derecho de posesión, sin perjuicio de que los derechos de los interesados sean dilucidados en una acción plenaria.[15] De esta manera, la sentencia que se dicte en casos de interdictos para recobrar la posesión de una propiedad no tiene autoridad de cosa juzgada sobre el derecho dominical de las partes.[16]

El interdicto posesorio puede ser presentado incluso contra el dueño del inmueble.[17] Además de buscar mantener o rescatar la posesión, el interdicto posesorio procura la indemnización de los daños y perjuicios causados al poseedor por la perturbación o expulsión.[18]

En lo que respecta al factor tiempo, para que proceda el interdicto posesorio es necesario que se asevere y establezca el hecho de que el solicitante, dentro del año precedente a la fecha de la presentación de la demanda estaba en posesión del objeto y que ha sido despojado o perturbado de dicha posesión.[19] No es que el poseedor ha estado en posesión del bien por espacio de más de un año con anterioridad a la fecha de la alegada pérdida o perturbación

---

[14] *Disdier Pacheco* v. *Garcia,* 101 DPR 541, 549-550 (1973); *Ramos* v. *Puig,* 61 DPR 83, 85 (1942).

[15] *Miranda Cruz y Otros,* 176 DPR en la pág. 967; *Disdier Pacheco,* 101 DPR en la pág. 547; *Segarra Boerman* v. *Vilariño,* 92 DPR 314, 320 (1965); *Rodriguez* v. *Alcover,* 78 DPR 822, 825 (1955); *Janer* v. *Álvarez,* 75 DPR 37, 40 (1953); *Rodríguez* v. *Suárez,* 71 DPR 728, 734 (1950).

[16] *Miranda Cruz y* Otros, 176 DPR en las págs. 967-968; *Pueblo* v. *Fajardo Sugar Growers Ass'n,* 45 DPR 380, 382 (1933).

[17] *Miranda Cruz y Otros,* 176 DPR en las págs. 968-969.

[18] *Giménez* v. *Borrás,* 6 DPR 189, 192 (1904).

[19] *Miranda Cruz y* Otros, 176 DPR en las págs. 962-963; Art. 692 del Código de Enjuiciamiento Civil de Puerto Rico, 32 LPRA § 3562.

de la posesión, sino que estuvo en la posesión dentro del año precedente a la presentación de su demanda.[20]

En cuanto al *quantum* de prueba exigido, para prevalecer en una acción de interdicto posesorio la prueba admitida debe demostrar que cuando menos, *prima facie*, se presenta un caso de perturbación de la posesión del inmueble ocurrida dentro del año precedente a la presentación de la demanda.[21]

III.

El señor Vega Ortiz aduce que el Foro primario le privó de su debido proceso de ley al determinar *motu proprio* que el caso realmente versaba sobre una solicitud de interdicto posesorio, y al conceder el mismo a favor de la señora De Jesús Maceira sin determinar quién había estado en posesión del inmueble el año precedente a la radicación de la *Demanda*.

Según las alegaciones de la *Demanda*, la **Finca-E ubicada en Sabana Seca, Puerto Rico**, está dividida en dos apartamentos y un almacén. La señora De Jesús Maceira, titular y **arrendadora de uno de los apartamentos** advino en conocimiento de que el señor Vega Ortiz rentó el otro apartamento cuando esta fue a cobrar la renta de sus inquilinos. De hecho, el señor Vega Ortiz, limitó el uso y disfrute de su propiedad rompiendo los candados e impidiéndole el acceso.

El juzgador de los hechos adjudicó que la señora De Jesús Maceira era quien tenía la posesión del inmueble antes de dicha posesión ser molestada y alterada por el señor Vega Ortiz. Por su importancia reproducimos *ad verbatim* parte de la prueba vertida en la vista.

> Testigo – Sra. Marilys De Jesús Maceira:
> R Entonces, pues **en esa propiedad hay una casa y un apartamento. La casa <u>siempre</u> ha estado alquilada. El apartamento estuvo desalojado un tiempo y él lo**

---

[20] *Martorell* v. *Municipio*, 70 DPR 380, 384 (1949); *United P.R. Sugar Co.* v. *Sucesión Sánchez*, 51 DPR 195 (1937).
[21] *Miranda Cruz y Otros*, 176 DPR en la pág. 971 (citando a *Disdier Pacheco* v. *García*, 101 DPR 541, 550-551 (1973)).

> **alquiló a unas personas que, pues, desconozco quiénes son.**
>
> Un día pude ir, porque el portón estaba abierto, porque para usted poder entrar al terreno hay un portón, el cual es con *beeper* y, **pues mis *beepers* están desconectados.**[22]
>
> . . . .
>
> P ¿Qué ocurre después o qué ocurrió después, si algo, que usted no va a visitar la propiedad? Su propiedad debo decir.
>
> R Bueno, adicional a que, pues, uno se siente intimidado porque cada vez que uno va, pues uno no se siente cómodo. Adicional a que los inquilinos que llevan tiempo allí me han hecho el acercamiento de que, pues, el caballero es insistente en cobrarle la renta cuando no le corresponde a él.[23]
>
> . . . .
>
> P ¿Usted hizo algún tipo de contrato con ellos de arrendamiento?
>
> R **Yo tengo contrato de arrendamiento con los inquilinos que viven en la casa.** Con los que están en el apartamento, pues, lo que desprende de...el día que fui y me les presenté como que yo era la dueña, me dijeron que sí, que ellos tienen un contrato, pero con el caballero.
>
> P ¿Cuando dice "el caballero", su nombre? Identifíquelo para récord, por favor.
>
> R El nombre...El caballero Juan Ricardo Vega Ortiz.[24]
>
> . . . .
>
> P Explique al Tribunal cómo usted se siente con relación a no poder ir a su propiedad inmueble.
>
> R Okey. La propiedad ahora mismo, pues, como le había comentado, hay una casa, un apartamento, hay un taller que era de mi compañero consensual, el cual en su momento dado **yo fui y le puse candado, pues, porque está en mi propiedad y lo rompieron.**[25]

Conforme al Art. 704 del Código Civil de Puerto Rico de 2020,[26] y para efectos de la acción de interdicto posesorio, no hay dudas de que la señora De Jesús Maceira tenía la posesión de la Finca-E **por medio del arrendatario** con relación al bien inmueble que siempre ha estado rentado, unido a la intención de haber el inmueble como suyo. En otras palabras, según reiterado por nuestro más alto foro, "el dueño de la propiedad arrendada, quien tiene durante el arrendamiento la posesión civil superior pero solo

---

[22] Transcripción de la Prueba Oral (TPO) de la vista celebrada el 8 de febrero de 2023.
TPO pág. 17, líneas 24-25; pág. 18, líneas 1-7.
[23] *Id.* pág. 18, líneas 21-25; pág. 19, líneas 1-5.
[24] *Id.* pág. 19, líneas 9-20.
[25] *Id.* pág. 20, líneas 12-20.
[26] 31 LPRA § 7822.

mediata e indirecta, **puede ejercer la acción interdictal**".[27] "Aunque arriende su propiedad, el dueño no se desprende en absoluto y en cuanto a todos de la posesión material, pudiendo sostenerse que continúa en esa posesión por medio del arrendatario".[28]

En este caso, el Tribunal de Primera Instancia justipreció que mediante la evidencia testifical presentada en la vista el 8 de febrero de 2023, la señora De Jesús Maceira estableció la concurrencia de los requisitos de la acción interdictal posesoria. Concluyó que la señora De Jesús Maceira estaba en posesión del bien inmueble dentro del año precedente a la radicación de la *Demanda*, que ha sido perturbada en el uso y posesión de su propiedad por el señor Vega Ortiz, y que ha intentado recobrar la posesión de dicho inmueble.[29]

---

[27] *Texaco P.R., Inc.* v. *González*, 96 DPR 305, 315 (1968) (citando a *Serrano* v. *Sucesiones*, 24 DPR 175 (1916)); Véase la *Contestación a Demanda y Reconvención* presentada por el señor Vega Ortiz, donde este afirma que la señora De Jesús Maceira recibe los cánones de arrendamiento del "apartamento número 1"; Véase además II JOSÉ RAMÓN VÉLEZ TORRES, CURSO DE DERECHO CIVIL, LOS BIENES LOS DERECHOS REALES 135 (1995) "[L]a ley (artículo [724]) concede la protección a todo poseedor, sea su posesión natural o civil. Por lo tanto, pueden utilizarlos el dueño de la cosa, el que posee a título de dueño, el usufructuario, el arrendamiento, el anticresista, el que tiene a su favor derecho de retención, el comodatario, etc." *Id.* (citando a *Texaco P.R., Inc.*, 96 DPR 305 (1968). "Con relación a las posesiones viciosas (clandestinas, violentas o de mala fe), la doctrina dominante admite la tutela interdictal por los siguientes fundamentos: (a) finalidad de los interdictos consiste en restaurar el estado de hecho que existía antes del despojo o perturbación; (b) el Derecho vigente no permite oponer excepciones en que el demandado trate de probar la posesión viciosa del demandante o el despojo cometido antes por él; (c) que el poseedor clandestino o violento es tenedor de la cosa en tanto el verdadero poseedor no ejercita las acciones que le correspondan". *Id.*

[28] *Serrano*, 24 DPR en la pág. 2 (donde explica lo siguiente: "[e]n nuestra opinión las palabras posesión material usadas en la ley vigente, comprenden los conceptos de posesión y tenencia de la ley antigua. Aunque arriende su propiedad, el dueño no se desprende en absoluto y en cuanto a todos de la posesión material, pudiendo sostenerse que continúa en esa posesión por medio del arrendatario".)

[29] Determinaciones de hechos:
1. La demandante Marilys De Jesús Maceira es soltera y reside en la Urbanización Las Gaviotas en Toa Baja, Puerto Rico.
2. La demandante es dueña en pleno dominio del inmueble ubicado en el 61-E del Barrio Sabana Seca en Toa Baja, Puerto Rico.
3. La demandante adquirió dicha propiedad como un bien de carácter privativo y a esos fines suscribió la escritura número 38 el 14 de noviembre de 2022, en Toa Baja, Puerto Rico, ante la notaria Luz Celeste Valentín García.
4. El demandado Juan Ricardo Vega Ortiz reside en la Urbanización Levittown Lakes en Toa Baja, Puerto Rico.
5. El demandado es dueño del inmueble ubicado en el 61-C del Barrio Sabana Seca en Toa Baja, Puerto Rico.
6. La señora De Jesús Maceira tuvo una relación consensual por quince (15) años con Omar Vega Colón, q.e.p.d., hijo del demandado señor Vega

Ciertamente, el juez que vio y oyó la prueba es quien está en mejor posición para creerla o no creerla, por ello, se impone un respeto a la determinación de credibilidad del foro primario.[30] En ausencia de error, prejuicio o parcialidad, los tribunales apelativos no debemos intervenir con las determinaciones de hechos de este último y dicha apreciación debe ser objeto de gran deferencia.[31] Por lo tanto, el segundo y tercer error no se cometieron.

El señor Vega Ortiz también alega que erró y abusó de su discreción el Foro *a quo*, al dictar sentencia sin señalar vista en los méritos luego de presentadas las alegaciones de las partes y sin que se diera por sometido el caso o se hubiera solicitado sentencia sumaria. No le asiste la razón.

El tracto procesal del caso refleja que, tras examinar la *Demanda*, el Tribunal de Primera Instancia declaró No Ha Lugar a la solicitud de entredicho provisional, y con relación a la solicitud de *injuction* preliminar y permanente, señaló vista para el 3 de febrero de 2023. Ulteriormente, el 8 de febrero de 2023, luego de reseñalada la vista, la señora De Jesús Maceira presentó como prueba documental su título de propiedad y su testimonio, como prueba oral.

---

Ortiz. Durante ese tiempo, la demandante tenía buena relación con el demandado y se trataban como familia.

7. **El demandado, sin autorización de la demandante, alquiló un apartamento propiedad de la demandante y ha cobrado los cánones de arrendamiento.**
8. **La demandante advino en conocimiento de la situación cuando fue a cobrar otra renta.**
9. **La demandante cambió los candados de la entrada a su propiedad en dos (2) ocasiones y el demandado los rompió, insistiendo en que él es quien tiene derecho a disponer de la propiedad 61-E.**
10. **El demandado desactivó los beepers de entrada de la demandante para evitar que ella tenga acceso al inmueble 61-E.**
11. **El demandado ha perturbado a la demandante en el uso y posesión de su propiedad.**
12. **La demandante se encontraba en posesión del inmueble 61-E hasta que ocurrió el incidente que motivó el presente litigio.**
13. **La demandante ha solicitado al demandado que le permita acceder a su propiedad, pero este se niega insistiendo en que la demandante no tiene derecho sobre el inmueble.** (Énfasis nuestro).

[30] *González Hernández* v. *González Hernández*, 181 DPR 746, 776 (2011); *Cárdenas Maxán* v. *Rodríguez Rodríguez*, 125 DPR 702, 714 (1990); *Pueblo* v. *Miranda Ortiz*, 117 DPR 188, 191 (1986).
[31] *González Hernández*, 181 DPR en las págs. 776-777.

Por su parte, el señor Vega Ortiz ofreció en evidencia el Certificado de Defunción -de su hijo- Omar Vega Colón, la Resolución sobre Declaratoria de Herederos *ab intestato* de Omar Vega Colón, entre otros documentos. Aunque indicó que era imprescindible citar testigos con el propósito de probar que la compraventa de la Finca-E se basó en una simulación contractual, afirmó que no presentaría prueba testifical.

Superado el trámite expedito de *injunction*, el 10 de febrero de 2023 el señor Vega Ortiz presentó *Contestación a Demanda y Reconvención*, y el 17 de febrero, la señora De Jesús Maceira instó *Réplica a la Reconvención*. El señor Vega Ortiz nunca notificó al Tribunal quiénes eran los testigos o radicó alguna moción al respecto.

De acuerdo con lo anterior, el Tribunal de Primera Instancia actuó conforme a derecho al dictar sentencia concediendo el interdicto posesorio a favor de la señora De Jesús Maceira. Atendió de esa forma al carácter sumario de este remedio, sin perjuicio de que los derechos de los interesados y cuestiones de título sean dilucidados en una acción plenaria. Además, ante las alegaciones de las partes respecto a diferentes amenazas, se garantizó una rápida solución de la controversia para preservar la paz pública.[32] Por lo que, el alegado error no se cometió.

## IV.

En el cuarto señalamiento de error, el señor Vega Ortiz plantea que erró y abusó de su discreción el Foro primario al ordenarle, so pena de desacato, desistir de adentrarse en la Finca

---

[32] LUIS MUÑIZ ARGÜELLES, LECCIONES SOBRE DERECHOS REALES 120-122 (2023) "[E]l resultado de la razón de ser del interdicto, que es preservar la paz pública, evitar que la gente se tome la justicia en sus manos". *Serrano* v. *Sucn. Santos*, 24 DPR 175 (1916); "El procedimiento es sumario, lo que implica que no puede recurrirse a los procedimientos de descubrimiento de prueba ni invocarse los plazos o presentarse las mociones previas al juicio que se reglamentan en las Reglas de Procedimiento Civil. Ello es así por la importancia del asunto a dilucidarse: la paz pública". *Id.* en la pág. 122.

61-E sin considerar que tal determinación incide sobre sus derechos propietarios y posesorios sobre la Finca 61-C dado que el único acceso a su finca es a través de la Finca 61-E. Veamos.

A.

El Art. 695 del Código de Enjuiciamiento Civil de Puerto Rico establece que:

> El predicho *injunction* ordenará que el demandante sea restablecido en la posesión y **requerirá al perturbador para que en lo sucesivo se abstenga de cometer tales actos u otros que manifiesten el mismo propósito, bajo apercibimiento de desacato al tribunal por desobediencia al predicho** *injunction*.[33]

Ahora bien, el Código Civil de Puerto Rico de 2020 en su Art. 955 dispone sobre las servidumbres de paso lo siguiente:

> La persona titular del derecho de propiedad o de derechos reales posesorios de una finca sin salida o con salida insuficiente a una vía pública puede exigir a sus vecinos el acceso a ella, mediante el establecimiento de una servidumbre de paso de anchura y características suficientes para la utilización normal de la finca dominante.[34]

Así pues, debe entenderse que "un predio no tiene salida a camino público, no solo cuando así es absolutamente, sino cuando carece de una bastante segura y practicable".[35] Según el Art. 950 del Código Civil de 2020, "la servidumbre debe ejercerse del modo más adecuado a fin de obtener la utilidad para el titular dominante y, a su vez, del modo menos incómodo y lesivo para el titular sirviente.[36] En virtud de la normativa vigente, el acceso debe ser razonable "para que le permita entrar y salir del fundo al sistema general de vías públicas, y no a una carretera específica".[37]

A esos efectos, nuestro más alto foro ha expresado que, "un camino que se torna inadecuado e inaccesible implica que la finca

---

[33] 32 LPRA § 3566.

[34] 31 LPRA § 8542.

[35] LUIS MUÑIZ ARGÜELLES, LECCIONES SOBRE DERECHOS REALES 456-457 (2023) (citando a *Tirado* v. *Caro*, 74 DPR 748 (1963)).

[36] *Id.* § 8533.

[37] *Soc. de Gananciales* v. *Srio. de Justicia*, 137 DPR 70 (1994) (citando a *E.L.A.* v. *Rodríguez*, 103 DPR 636, 641 (1975).

está enclavada, aunque ello no significa que tiene derecho a una servidumbre libre de costo".[38] En lo pertinente el Prof. Muñiz Argüelles expresa:

> El acceso se limita a los titulares de los predios dominantes o los que reciban derechos posesorios de estos y el dueño del predio sirviente puede incluso cercar su finca y poner portones en la servidumbre, siempre y cuando que con ello no impida el paso de los titulares y poseedores de los predios dominantes. . .Debe aclararse que las normas anteriores solo aplican a las servidumbres de paso exigibles por ley, pues las partes pueden establecer otras servidumbres de paso voluntarias en las que fijan el precio, el lugar, el ancho y las condiciones de mantenimiento, modificación y extinción de estas".[39]

A la luz de lo anterior, siendo la Finca-E el único acceso para entrar a la propiedad del señor Vega Ortiz, es evidente que este puede instar una acción de servidumbre de paso o también, puede llegar a un acuerdo con el titular del predio dominante donde fijen las particularidades de esta. El cuarto error no se cometió.

## V.

En cuanto al quinto señalamiento, el señor Vega Ortiz indica que erró y abusó de su discreción el Tribunal de Primera Instancia al imputarle temeridad por este no evitar el pleito incoado por la señora De Jesús Maceira. No tiene razón. Veamos por qué.

## A.

La Regla 44.1 de Procedimiento Civil dispone que en casos en que "cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle. . .el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta".[40] Un litigante actúa con temeridad cuando con "terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente a asumir las molestias, gastos, trabajo e

---

[38] Muñiz Argüelles, *supra* nota 34, en la pág. 456 (citando a *Nin* v. *Rucalleda*, 12 DPR 542 (1920)).
[39] *Id.* en la pág. 457 (citando a *López Amaral* v. *Márquez*, 102 DPR 239 (1978)).
[40] 32 LPRA Ap. III, R. 44.1.

inconvenientes de un pleito".[41] Los honorarios por temeridad y su cuantía **dependen de la discreción del tribunal sentenciador**.[42] De ordinario nos abstenemos de intervenir con la cuantía de los honorarios de abogados fijada por el tribunal sentenciador en el sano ejercicio de su discreción, revisándolos sólo cuando resulten excesivos, exiguos o constituyan un abuso de discreción.[43]

En este caso, no intervendremos con la determinación sobre honorarios por temeridad, por no haber atisbo de abuso en el ejercicio de la discreción del foro *a quo*. El quinto error no se cometió.

VI.

Por último, alega el señor Vega Ortiz que erró y abusó de su discreción el Foro primario al ordenar el archivo con perjuicio de la causa de acción de daños y perjuicios incoada por este, mientras que desestimó sin perjuicio la causa de acción por daños y perjuicios de la señora De Jesús Maceira. Veamos.

A.

La Regla 10.2 de Procedimiento Civil de Puerto Rico dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
> (1) falta de jurisdicción sobre la materia;
> (2) falta de jurisdicción sobre la persona;
> (3) insuficiencia del emplazamiento;
> (4) insuficiencia del diligenciamiento del emplazamiento;
> (5) dejar de exponer una reclamación que justifique la concesión de un remedio;
> (6) dejar de acumular una parte indispensable.[44]

En cuanto a la reclamación de daños y perjuicios de la señora De Jesús Maceira, el Tribunal de Primera Instancia determinó que

---

[41] *S.L.G. Flores, Jiménez* v. *Colberg,* 173 DPR 843, 866 (2008) (citando a *Rivera* v. *Tiendas Pitusa,* 148 DPR 695, (1999)).
[42] *Colondres Vélez* v. *Bayrón Vélez, Inc.,* 114 DPR 833, 839 (1996); *Revlon Realistic, Inc.* v. *Las Américas Trust Company,* 135 DPR 363, 376 (1994).
[43] *Ramírez* v. *Club Cala de Palmas,* 123 DPR 339, 350 (1989).
[44] 32 LPRA Ap. V, R. 10.2.

esta no expuso tal reclamación con suficiente especificidad por lo que, a tenor con la Regla 10.2 de Procedimiento Civil de Puerto Rico, procedía desestimar sin perjuicio la reclamación.

Por otra parte, el Foro primario determinó que el señor Vega Ortiz perturbó a la señora De Jesús Maceira en la posesión del inmueble, por lo que no tenía derecho a llevar a cabo las actuaciones que realizó y, en consecuencia, de haber sufrido algún daño, fue autoinfligido, de manera que no puede responsabilizar por ello a la señora De Jesús Maceira. Según el testimonio de esta última, el señor Vega Ortiz limitó el uso y disfrute de su propiedad habiendo roto en dos ocasiones los candados instalados en el almacén, cambiado los "beepers" e impedir el acceso a su propiedad. El Foro *a quo* actuó conforme a derecho al desestimar la causa de acción por daños y perjuicios. El sexto error tampoco se cometió.

## VII.

Por los fundamentos antes expuestos, se *confirma* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                          Lcda. Lilia M. Oquendo Solís
                      Secretaria del Tribunal de Apelaciones